IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JOHNNY MERCER PROPERTIES, LLC,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>WILMINGTON MEXICAN FOODS, LLC d/b/a RIO BRAVO MEXICAN RESTAURANT; and LUIS GOMEZ,<br><br>Third-Party Defendants. | CIVIL ACTION NO.: 4:22-cv-173 |

## O R D E R

Upon receiving a joint stipulation from the original plaintiff and the original defendant in this case, the Court dismissed the plaintiff's complaint with prejudice. (Doc. 17.) However, the original defendant, Johnny Mercer Properties, LLC, had asserted third-party claims for indemnity and breach of contract against Third-Party Defendants Wilmington Mexican Foods, LLC, and Luis Gomez, which were not addressed in the joint stipulation of dismissal, and the Court thus raised concerns about its subject matter jurisdiction over those claims, particularly given that, according to the Third-Party Complaint, all parties to the third-party action are Georgia residents. (Id.; see doc. 8, p. 2.) The Court ordered that cause be shown as to why the Third-Party Complaint should not be dismissed for lack of subject matter jurisdiction. No response to the Order was filed and, in an abundance of caution, the Court provided one final opportunity for any parties to demonstrate to the Court that it has subject matter jurisdiction over Johnny Mercer Properties' claims against the Third-Party Defendants. Again, no response has been filed. Accordingly, the Court finds that

it lacks subject matter jurisdiction over the third-party claims[1] and it therefore **DISMISSES** Johnny Mercer Properties, LLC's claims against Wilmington Mexican Foods, LLC, and Luis Gomez, (see doc. 8), **WITHOUT PREJUDICE**, and **DIRECTS** the Clerk of Court to **ENTER** the appropriate judgment of dismissal and to **CLOSE** this case.

   **SO ORDERED**, this 12th day of September, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Additionally, the Court is authorized to dismiss this case due to the Third-Party Plaintiff's failure to prosecute, particularly in the face of the Court's two show cause Orders. A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court.") (emphasis omitted).